NYS2d 549] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: There is no merit to the contention of petitioner that the notice of decision to discontinue her public assistance and medical assistance was not adequate to inform her of the action to be taken and the reasons for that action (*see, Matter of Perry v Wing,* 242 AD2d 964; *cf., Matter of Pleasant v Wing,* 249 AD2d 986). The notice stated that petitioner did not complete employment requirements because she failed to contact five employers per week for the week beginning May 30, 1997. At the fair hearing, Jefferson County Department of Social Services (DSS) submitted proof establishing that petitioner had failed to make the required number of employer contacts. DSS also submitted proof concerning an additional charge that petitioner failed to attend a Job Search appointment. The record establishes that petitioner presented a defense to that additional charge, and thus petitioner has failed to show how she was prejudiced by the allegedly defective notice (*see, Matter of Garofalo v Dowling,* 223 AD2d 770, 772; *Matter of Mecca v Dowling,* 210 AD2d 821, 824). Respondents' determination is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Casid v Prinzo,* 232 AD2d 860, 861-862). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.

■ AMY M. ROSKA, Appellant, v TOWN OF CHEEKTOWAGA, Respondent. (Appeal No. 1.) [673 NYS2d 343] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.

■ AMY M. ROSKA, Appellant, v TOWN OF CHEEKTOWAGA, Respondent. (Appeal No. 2.) [674 NYS2d 545] —Order insofar as appealed from reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff fractured her ankle during a game of softball when the base into which she was sliding became detached and her ankle hit a metal spike to which the base had been attached. She commenced this action against defendant, the owner of the park where the accident occurred. Defendant moved for summary judgment, arguing that it was not negligent in its maintenance of the base and that plaintiff assumed the risk of her injuries. Supreme Court concluded that an issue of fact exists whether plaintiff assumed the risk of her injuries, but granted defen-